# UNITED STATES BANKRUPTCY COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: | |
| BOURBON SALOON, INCORPORATED | CHAPTER 11 |
| DEBTOR | CASE NO. 11-11518 |

### EMERGENCY MOTION FOR ORDER AUTHORIZING THE DEBTOR TO USE CASH COLLATERAL AND SCHEDULE A FINAL HEARING PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 4001

Bourbon Saloon, Incorporated ("BSI" or the "Debtor"), pursuant to Sections 105, 363 and 364 of Title 11 of the United States Code (the "Code") and Rules 2002, 4001 (b),(c) and (d) and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), hereby moves (the "Motion") for the entry of interim and final orders authorizing the Debtor to use cash and credit card receipts on deposit with First Bank & Trust which may be "cash collateral" and providing adequate protection for same, and scheduling a final hearing on the Motion pursuant to Federal Rule of Bankruptcy Procedure 4001.

### Background

1.

On May 12, 2011, (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor is continuing to operate its business and manage its property as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.

This Court has jurisdiction over the Chapter 11 Case and the Motion pursuant to 28

U.S.C. §§ 157(b) and 1334. Consideration of the Motion constitutes a core proceeding as defined in 28 U.S.C. § 157(b)(2).

3.

The Debtor is a Louisiana corporation that operates bars and restaurants at 3 leased locations on Bourbon Street in the French Quarter of New Orleans.

4.

The Debtor is or may be liable to First Bank & Trust ("First Bank") in the amount of approximately $3,383,822.00 for various loans ("the Loans") in the name of the debtor and other entities, some of which such entities have been merged into the Debtor. The Loans are secured by security interests in various leases and other property but are also secured cash and credit card receipts on deposit with First Bank which may be "cash collateral" as defined in 11 U.S.C. § 363.

Relief Sought

5.

Specifically, through this Motion, the Debtor is seeking this Court's authorization to use cash and property which may be "cash collateral" as defined in 11 U.S.C. § 363(a) pursuant to sections 363(b)(2), (3) and (4) and Rule 4001(b), and provide adequate protection thereof.

6.

In addition, the Debtor is seeking an immediate emergency preliminary hearing on the Motion to consider entry of an interim order pursuant to Bankruptcy Rule 4001 (this "Order") approving the use of Cash Collateral and adequate protection for same as to First Bank.

7.

In addition, the Debtor is requesting that a final hearing be scheduled on the Use of Cash Collateral and adequate protection therefore, and that notice procedures in respect of the Final Hearing be established by this Court to consider entry of a final order granting this Motion.

8.

The Debtor needs to use cash on hand and in bank accounts and credit card receipts in the ordinary course of the Debtor's business to pay the expenses incurred in the operation of the Debtor's business during the course of this Chapter 11 proceeding. Upon information and belief, First Bank contends that cash on hand and in bank accounts and credit card receipts are collateral for the Loans, and that First Bank would be entitled to adequate protection for the use of same.

9.

To the extent that cash on hand and in bank accounts and credit card receipts constitute cash collateral and First Bank's lien thereon or right of setoff is not subject to avoidance or subordination, the Debtor proposes to grant First Bank a replacement lien on the Debtor's post-petition bank accounts and credit card receipts as adequate protection to the extent that same constitute cash collateral, and only to the extent of the actual diminution of the value of First Bank's valid, enforceable security interests in the Debtor's assets. Subject to First Bank being qualified to receive deposits in a Chapter 11 estate as required by the Office of the U.S Trustee, the debtor proposes to open all new accounts as debtor-in-possession at First Bank.

10.

Notwithstanding the granting of the replacement lien, the Debtor shall be authorized to use cash on hand, funds in bank accounts, and credit card receipts to pay all post-petition

expenses of its operation in the ordinary course of business and to make other expenditures outside the ordinary course of business as may be authorized by this Court.

11.

By filing the Motion, Debtor proposes that all legal and equitable rights, if any, of the Debtor and First Bank are preserved and deemed not waived, including but not limited to:

(A) The Debtor's right to seek a surcharge under 11 U.S.C. § 506(c);

(B) The rights of First Bank to object to any future requests for authorization to use cash collateral;

(C) The right of First Bank to resist and defend against any attempts to seek a surcharge under 11 U.S.C. § 506(c) or to assert rights of setoff, compensation and/or recoupment under 11 U.S.C. § 553 or otherwise;

(D) The Debtor's right to assert that the bank accounts and credit card receipts do not constitute "cash collateral" as defined in Section 363, and that First Bank is not entitled to adequate protection for the use thereof and First Bank's right to assert claims to the contrary; and

(E) The Debtor's right under Sections 510, 544, 545, 547, 548, 549, 550, 551, and 552 to avoid and/or prime any lien of First Bank on the cash on hand and in bank accounts and First Bank's right to assert claims to the contrary.

12.

Rule 4001(b)(2) provides that a bankruptcy court may conduct a hearing on a motion under Section 363 of the Bankruptcy Code before expiration of a fourteen (14) day notice period as described therein and may authorize the use of cash collateral to the extent necessary to avoid immediate and irreparable harm to a debtor's estate pending a final hearing. Pending a final hearing on this Motion (which the Debtor requests take place on or before thirty (30) days from

the Petition Date, subject to the Court's availability) the Debtor must use cash collateral until such final hearing is actually conducted.

13.

Accordingly, the Debtor requests that the Court conduct an emergency interim hearing to consider the Debtor's request to use cash collateral.

14.

The Debtor further proposes that the final hearing be held on the Debtor's request to use cash which may be cash collateral at least fourteen (14) days after service of this Motion, at which time the Debtor will ask the Court to consider entry of a final order. The Debtor submits that the Court's consideration of this Motion at an interim and final hearing held upon the notice proposed herein is consistent and in accordance with the procedures set forth in Bankruptcy Rule 4001(b) respecting the Debtor's obtaining the use of cash collateral.

15.

Debtor also requests this Court's approval of the form and manner of notice with respect to the preliminary and final hearing on the Motion. Notice of the Preliminary Hearing and the relief requested in the Motion has been given to (i) the Office of the United States Trustee; (ii) the Internal Revenue Service; (iii) the creditors holding the 20 largest unsecured claims against the Debtor; and, (iv) First Bank. No creditors' committee has been appointed in the Chapter 11 case. Under the circumstances, such notice of the Preliminary Hearing and the relief requested in the Motion complies with the requirements of Bankruptcy Code section 364, 363 and Bankruptcy Rules 2002 and 4001.

16.

Debtor proposes to give and serve at least fourteen (14) days' notice of the hearing on the

Final Order (the 'Final Hearing") on the parties having been given notice of the Preliminary Hearing, to any party which has filed prior to such date a request for notice with this Court and to counsel for any statutory committee appointed pursuant to Bankruptcy Code Section 1102. Objections to entry of the Final Order shall be in writing and shall be filed with the Clerk of the Bankruptcy Court with a copy served upon: (i) William E. Steffes, Steffes, Vingiello & McKenzie, LLC, 13702 Coursey Boulevard, Building 3, Baton Rouge, Louisiana 70817, attorneys for the Debtor. Any objections by creditors or other parties in interest to any of the provisions of the Final Order shall be deemed waived unless filed and served in accordance with this paragraph. The Debtor submits that such service and notice of the Preliminary Hearing and Final Hearing should be deemed good and sufficient.

WHEREFORE, Debtor respectfully requests that this court (a) after expedited consideration, enter an Interim Order as requested herein, (b) schedule a Final Hearing on the Motion and a final date for filing objections thereto, (c) authorize the use of cash which may constitute cash collateral and adequate protection for same, (d) approve the form and manner of notice set forth herein on the Preliminary Hearing and Final Hearing on this Motion, (e) after the Final Hearing, enter a Final Order in a form substantially identical to the Interim Order with respect to use of alleged cash collateral and adequate protection for same; (f) grant to Debtor such other and further relief as the Court deems just and proper.

STEFFES, VINGIELLO & McKENZIE, LLC
13702 Coursey Boulevard, Building 3
Baton Rouge, Louisiana 70817
Telephone: 225.751.1751
Fax: 225.751.1998
Email: *bsteffes@steffeslaw.com*

By: s/ *William E. Steffes*
WILLIAM E. STEFFES #12426