UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

IN RE:                                                                                          CASE NO. 11-11518

BOURBON SALOON, INC.                                                          SECTION "B"
d/b/a Mango Mango and Old Absinthe House;
fka Conti Management Group, Inc.;
fka Dante's of Decatur, Inc.; and
fka Newport Corporation of Louisiana

     DEBTOR                                                                              CHAPTER 11

## MEMORANDUM OPINION

This matter came on for hearing on March 9, 2012 on several motions, two of which are: 1) the emergency motion to strike the objection of Goldking Capital Management, LLC ("Goldking") (P-345) filed by the debtor, and the objection thereto (P-362); and 2) the motion for leave to amend ballot tabulation and to permit change of vote (P-368) filed by the debtor, and the objection thereto (P-372). After hearing oral argument on the motions, the court took these two motions under advisement. For the reasons set forth below, the motion to strike is denied, and the motion for leave to amend ballot tabulation is denied in part and granted in part, such that the eight late filed ballots will not be allowed, but the change of ballot by Adib el Dayri will be allowed.

**I.**     **Background Facts**

The motions were filed as expedited motions and set to be heard on the same day as the scheduled hearing on the confirmation of the debtor's plan of reorganization. Two objections to the confirmation of the plan were filed prior to the hearing date, one by Goldking, and one by a group known as the Wage Claimants. At the hearing, the debtor's attorney and the attorney for the Wage Claimants informed the court that they had reached a settlement and that the debtor

1

would file a modification[1] to the plan to reflect that settlement, and in return the Wage Claimants would agree to withdraw their objection to the plan and either to withdraw their votes or change their votes to reflect their acceptance of the plan; the debtor also asked to continue the confirmation hearing for two weeks. The court has set the hearing on the proposed third modification of the plan at the same time as the continued date of the confirmation hearing.

## II.  Legal Ananlysis

### 1.  The motion to strike the objection of Goldking.

The debtor, relying on Federal Rule of Bankruptcy Procedure 9018, filed a motion to strike the objection to plan confirmation filed by Goldking.[2] Having read the objection of Goldking and heard the arguments of counsel, the court can find nothing in Goldking's objection to plan confirmation that falls within the ambit of Rule 9018. Thus, the court denies the debtor's motion to strike Goldking's objection to plan confirmation.

### 2.  The motion to allow late filed ballots.

The voting deadline in this case was March 2, 2012. The debtor has requested that eight ballots it received on March 8, 2012 be allowed as late filed ballots. At the March 9 hearing, the

---

[1] This would be the third immaterial modification. Two prior immaterial modifications were allowed at the March 9 hearing.

[2] Rule 9018 states in part:

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information, (2) to protect any entity against scandalous or defamatory matter contained in any paper filed in a case under the Code, or (3) to protect governmental matters that are made confidential by statute or regulation.

debtor put on evidence to show that the holders of the late filed ballots were unaware that they had the right to vote on the plan, and that this was the reason they did not cast their votes in a timely fashion.[3] After the debtor's attorney received all of the ballots and discovered that the eight claimants had not voted, the debtor's attorney contacted the debtor's comptroller, Gregory Bonstaff and inquired why he had not voted. At this point, the debtor's attorney discovered that Bonstaff and the other insiders of the debtor did not think they were entitled to vote, and he encouraged them to submit their ballots.

The debtor cites no law to support the allowance of late filed ballots, but simply states in its brief that it is in the court's discretion to allow these ballots. The court has determined that no good reason is shown why it should allow the late filed ballots. The few cases that the court could find on this issue did not allow for the late filing of ballots.[4] Perhaps there might be some special circumstances where the court might allow the late filing of a ballot, but here, where no one is claiming that the parties did not receive proper notice, and their only excuse is ignorance of their right to vote, the court will not allow the late filed ballots.

    3.    **The motion to allow Adib el Dayri to change his vote.**

The debtor has requested that creditor Adib el Dayri ("el Dayri") be allowed to change his vote from a rejection of the plan to an acceptance of the plan. El Dayri has a claim of $1.6

---

[3] The eight late filed ballots were from seven insiders of the debtor and a secretary who had worked for the debtor for a number of years.

[4] *In re Gulfstar Industries, Inc.*, 236 B.R. 75, 78 (M.D. Fla. 1999)( bankruptcy court's finding that ballot filed 11 days after voting deadline would not be counted was appropriate); *In re Maluhia Eight, LLC,* 2010 WL 4259832 (Bankr.N.D.Tex. Oct. 22, 2010); *In re Motel Associations of Cincinnati,* 50 B.R. 196 (Bankr.N.Y. 1985)(creditor not entitled to have its late vote counted on grounds that inadequate notice was given); *In re Salem Bank Building Ltd. Partnership,* 40 B.R. 574 (Bankr.W.D.Va. 1983).

million, based on a state court consent judgment and a subsequent forbearance agreement, and he is in Class 2, which under the present tabulation has rejected the debtor's plan of reorganization. Thus, the debtor is facing a non-consensual plan and would be forced to confirm the plan using the "cramdown" provisions of § 1129 of the Bankruptcy Code. The debtor put on evidence to show that after all of the ballots were received and the debtor's attorneys realized that they did not carry Class 2, they contacted Matthew Chenevert, el Dayri's attorney, to discuss an offer to persuade el Dayri to change his vote.[5] Chenevert testified that el Dayri changed his vote in exchange for the debtor agreeing to allow his claim in the full amount of $1.6 million and would further agree not to object to his claim.[6] Further, an insider of the debtor, Yousef Salem, signed an affidavit regarding the forbearance agreement upon which el Dayri's claim is based.[7] El Dayri's claim, if allowed, will still be part of Class 2 and will still be paid at the same rate (25%) as the claims of the other unsecured creditors.

FRBP 3018(a) states in part that: "For cause shown, the court after notice and hearing may permit a creditor or equity security holder to change or withdraw an acceptance or rejection." Thus, a creditor may change his vote when "cause" exists. Fifth Circuit case law suggests that negotiating with a creditor to achieve a consensual plan is an acceptable reason to

---

[5] Testimony of Matthew Chenevert.

[6] The debtor's disclosure statement had listed el Dayri's claim at $600,000, and did not indicate that it was a solidary obligation, which Chenevert testified caused him to believe that the debtor intended to object to el Dayri's claim of $1.6 million. This was the reason that he advised his client to vote against the plan.

[7] Goldking Exhibit 1. Salem's affidavit indicates that the obligation to el Dayri is a solidary obligation, which Chenevert testified was an important distinction to his client.

allow a vote change.[8] The court finds no improper purpose here that would preclude the court's granting permission to el Dayri to change his vote; thus, the change from rejection to acceptance of the plan is allowed.

### III. Conclusion

For the reasons set forth above, the court finds that the debtor's motion to strike the objection to plan confirmation of Goldking is denied. The part of the debtor's motion seeking to allow the late filed claims is also denied. The part of the debtor's motion seeking to allow el Dayri to change his vote from rejection to acceptance and amend the tabulation of the ballots is granted. A separate order will be entered in accordance with this opinion.

New Orleans, Louisiana, March 14, 2012.

Jerry A. Brown
U.S. Bankruptcy Judge

---

[8] *Matter of Texas Extrusion Corp.,* 844 F.2d 1142, 1163 (5th Cir. 1988); *see also In re American Solar King,* 90 B.R. 808, 827 (Bankr.W.D.Tex. 1988)(no objection to vote change); *In re Cajun Elec. Power Co-op., Inc.,* 230 B.R. 715, 744 (Bankr.M.D.La. 1999).